IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

UNITED STATES OF AMERICA,                    CASE NO.: 4:04cr59-RH

     Plaintiff,

v.

USMAN ALI CHAUDHARY,
a/k/a USMAN ALI,

     Defendant.
_____/

### MEMORANDUM OF LAW IN SUPPORT OF
### DEFENDANT'S MOTION IN LIMINE (LULAC EVIDENCE)

The Defendant submits this Memorandum of Law in Support of his Motion in Limine (LULAC Evidence).

The Government is seeking to introduce evidence relating to an application the Defendant made under the LULAC program. This evidence is without probative value and, if admitted, would unfairly prejudice the Defendant in the trial of this case.

The LULAC application was filed in 1990, over fifteen (15) years ago and was subsequently withdrawn. This evidence is remote and not relevant to any issue in this case. The documents contain hearsay within hearsay, including notes and findings by an INS administrator, and otherwise contain numerous inaccuracies that prove nothing substantive in this case. On the other hand, the prejudice to the Defendant in admitting

the documents is patent.

Rule 404(b), Federal Rules of Evidence, governs the admissibility of evidence of other crimes, wrongs, or acts, i.e. extrinsic conduct:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

Even if the evidence is admissible under Rule 404(b), it may be excluded pursuant to Rule 403, Federal Rules of Evidence:

> Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence.

Although the LULAC documents do not reflect that the Defendant committed any crime, Rule 404(b) applies because the term "'offense' includes non-criminal activity that 'impugns the defendant's character.'"  United States v. Terebecki, 692 F.2d 1345, 1348 *fn 2* (11th Cir. 1982).  When there is no conviction for the extrinsic conduct, the danger of unfair prejudice "is particularly great" because "the jury may feel that the defendant should be punished for that activity even if he is not guilty of the offense charged."  United States v. Beechum, 582 F.2d 898, 914 (5th Cir. 1978).

There is a two-step test for determining the admissibility of extrinsic conduct: "First, it must be determined that extrinsic offense evidence is relevant to an issue other than the defendant's character.  Second, the evidence must possess probative value that is

not substantially outweighed by its undue prejudice and must meet the other requirements of rule 403." Beechum, 582 F.2d at 911; Terebecki, 692 F.2d at 1348. "All factors in Rule 403, not just undue prejudice, must be weighed against probative value." Terebecki, 692 F.2d at 1348 *fn 5*.

The probative value of extrinsic conduct evidence is determined in the following manner:

> In measuring the probative value of the evidence, the judge should consider the overall similarity of the extrinsic and charged offenses. If they are dissimilar except for the common element of intent, the extrinsic offense may have little probative value to counterbalance the inherent prejudice of this type of evidence.

Beechum, 582 F.2d at 915. When the extrinsic conduct bears "no reasonable relationship to any of the issues at trial" it is error to admit it. United States v. Chavez, 204 F.3d 1305, 1317 (11th Cir. 2000).

One of the critical factors in determining probative value is "how much time separates the extrinsic and charged offense: temporal remoteness depreciates the probity of the extrinsic offense." Beechum, 582 F.2d at 915. Thus, "the more remote the extrinsic offense the less probative it is." Terebecki, 692 F.2d at 1349. In United States v. Scott, 701 F.2d 1340 (11th Cir. 1983), the Eleventh Circuit set forth the appropriate test for determining remoteness:

> When the admission of extrinsic act evidence is challenged on the grounds of remoteness the relevant inquiry is whether the other acts have "clearly probative value with respect to the intent of the accused *at the time of the offense charged*."

701 F.2d at 1345-46 [Emphasis by the Court].  It would be hard to imagine a more remote incident than the one in this case, which was over 15 years ago.

The Government is presumably offering this evidence on a theory that it is relevant to the Defendant's intent.  "[W]here the issue for which the extrinsic evidence is admitted is the defendant's intent to commit the offense charged, the relevancy of the 'other act' evidence derives from the defendant's having possessed the same state of mind in the commission of both the extrinsic act and the charged offense." United States v. Dothard, 666 F.2d 498, 502 (11th Cir. 1982).  In that regard, it is important to note that the Defendant's intent with regard to the LULAC application has nothing to do with the intent charged in Counts V and VI of the superceding indictment.  The superceding indictment charges that the Defendant falsely represented he was a United States citizen in applying for a driver's license and applying to vote.  In the LULAC application, the Defendant did not represent he was a United States citizen, nor otherwise misrepresent his citizenship status.  Thus, there is no probative value of the evidence to this prosecution.  On the other hand, the prejudice to the Defendant is obvious because the Government will attempt to portray the Defendant as a liar, when his character is not in issue.

In addition, these records are inadmissible hearsay and contain inadmissible hearsay within hearsay.  Under Rules 803(6) & (8), Federal Rules of Evidence, business records and public records may be admitted into evidence as an exception to the hearsay rule, "unless the sources of information or other circumstances indicate lack of trustworthiness."  The burden of proof is upon the Government to establish the

trustworthiness of the documents offered as business records.  Byrd v. Hunt Tool Shipyards, Inc., 650 F.2d 44, 46 (5th Cir.1981) ("Under Rule 803(6), the business records exception, it is the duty of the proponent to establish circumstantial guarantees of trustworthiness.")

To be admissible, a proper foundation must be laid to demonstrate the reliability of a document based upon the "circumstances surrounding the origin and the nature" of the document.  United States v. Dreer, 740 F.2d 18, 20 (11th Cir. 1984).  When the "method of the document's preparation" indicates a "lack of trustworthiness" the document is inadmissible.  Noble v. Alabama Department of Environmental Mgmt., 872 F.2d 361, 366 (11th Cir. 1989) *citing* United States v. Williams, 837 F.2d 1009, 1013 n.6 (11th Cir. 1988).  Thus, the Government has the burden to present the "testimony of [a] witness with personal knowledge of how [the] document was compiled."   Noble, 872 F. 2d at 367.  Testimony of a witness concerning how documents are maintained, filed and retrieved is an insufficient predicate to establish reliability, when the witness has no knowledge of the "circumstances surrounding the origination and compilation of the documents [which would] indicate reliability and trustworthiness."  United States v. Petrie, 302 F.2d 1280, 1288 (11th Cir. 2002).

Whether the application is sufficiently reliable to be admitted into evidence is committed to the sound discretion of the trial court.  Potamkin Cadillac Corp. v. B.R.I. Coverage Corp., 38 F.3d 627 (2nd Cir. 1994); United States v. Bueno-Sierra, 99 F.3d 375 (11th Cir. 1996).  When documents have errors and inaccuracies, the trial court properly exercises its discretion in refusing their admission into evidence.  Potamkin Cadillac

Corp., supra.

Even if the LULAC documents are themselves admissible as an exception to the hearsay rule, the notes and rulings of the INS examiner are nevertheless inadmissible hearsay.  In fact, the LULAC documents contain multiple levels of hearsay and "[r]ule 803(6) does not eliminate double hearsay problems."  Bueno-Sierra, 99 F.3d at 379. Thus, in order to be admissible, not only must the documents qualify as an exception to the hearsay rule, but the hearsay within the records must also be non-hearsay, or otherwise fall within an exception to the hearsay rule.  There is no exception to the hearsay rule that would permit the INS examiner's notes and findings to be admitted into evidence.

Based upon the foregoing this Court should enter an order in limine to preclude the Government from offering evidence relating to the LULAC application.

Respectfully submitted,


  s/ Larry D. Simpson
JAMES P. JUDKINS
Florida Bar No. 174168
LARRY D. SIMPSON
Florida Bar No. 176070
JUDKINS, SIMPSON, HIGH &
   VILLENEUVE
Post Office Box 10368
Tallahassee, Florida 32302-2368
(850) 222-6040; FAX (850) 561-1471
Attorneys for Defendant

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been furnished by FAX to Mr. Robert Davis, U.S. Attorney's Office, 111 North Adams Street, Fourth Floor, Tallahassee, Florida 32301, this 6th day of May, 2005.

 s/ Larry D. Simpson
ATTORNEY